UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC. and QUEEN'S UNIVERSITY AT KINGSTON,<br><br>           Plaintiffs,<br><br>     v.<br><br>SKIN DEEP dba SKIN DEEP DERM & LASER and BIPIN PATEL, MD,<br><br>           Defendants. | CIV-F-05-1482 AWI SMS<br><br>ORDER RE: PERMISSION FOR DEFENDANTS TO BE HEARD IN OPPOSITION AT THE APRIL 30, 2007 HEARING DESPITE FAILURE TO FILE A WRITTEN RESPONSE TO THE MOTION FOR CIVIL CONTEMPT |

     Plaintiffs have filed a motion in this case seeking a judicial finding that Defendants are guilty of civil contempt for violating the terms of a consent judgment. Doc. 15.  A hearing on the matter is scheduled for April 30, 2007 at 1:30 PM.  Thus far, there has been no opposition or response from the Defendants.  Reviewing the records, the court finds that Defendants do not appear to be represented by counsel and have never made any filings in this case.  Under Eastern District of California Local Rule 78-230(c), the deadline for filing a timely written opposition has passed.  Given the nature of the motion, the court will allow Defendants to appear at the scheduled hearing to express their opposition.  Civil contempt is a very serious matter; Defendants need to appear at the scheduled hearing to secure their rights.  Failure to appear at the hearing would constitute a waiver of their rights to be heard and to present evidence in their defense at a later evidentiary hearing.  The court also strongly recommends that Defendants seek

legal representation in this matter.  In order to apprise Defendants of the seriousness of the matter at hand, the court provides the following legal standard:

Courts have the authority to use civil contempt proceedings to enforce a consent judgment. Spallone v. United States, 493 U.S. 265, 276 (1990).  Title 18 U.S.C. §401 states, "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as-- (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."  Civil contempt is encompassed within this statute. See Britton v. Co-op Banking Group, 916 F.2d 1405, 1409 n.4 (9th Cir. 1990).

In one case, the Ninth Circuit overturned a trial court's finding that a party committed civil contempt for failing to comply with a temporary restraining order on the basis that the trial court's TRO was "improperly issued ex parte and failed to describe the prohibited conduct with specificity." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1134 (9th Cir. 2006). Nevertheless, the court determined that, "Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt need not be willful; however, a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006), quotations omitted.  "Whether contempt is civil or criminal depends on the intended effect of the penalty imposed. If the intent is remedial, or if the penalty is conditional in that it is meant to compel the defendant to act, the contempt is civil. If the intent is punitive and the penalty is unconditional, the contempt is criminal." United States v. Laurins, 857 F.2d 529, 534 (9th Cir. 1988).  The U.S. Supreme Court has stated, "A contempt fine accordingly is considered civil and remedial if it either coerces the defendant into compliance with the court's order, or compensates the complainant for losses sustained. Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge. Thus, a flat, unconditional fine totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no

subsequent opportunity to reduce or avoid the fine through compliance." Int'l Union v. Bagwell, 512 U.S. 821, 829 (1994).  "Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." United States v. United Mine Workers, 330 U.S. 258, 304 (1947).  "If the fine, or any portion of the fine, is coercive, it should be payable to the court. Moreover, in determining how large a coercive sanction should be the court should consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986), citations omitted.

"[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." Int'l Union v. Bagwell, 512 U.S. 821, 827 (1994).  "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).  While a full trial is normally held, where "the affidavits offered in support of a finding of contempt are uncontroverted, we have held that a district court's decision not to hold a full-blown evidentiary hearing does not violate due process." Peterson v. Highland Music, 140 F.3d 1313, 1324 (9th Cir. 1998).

IT IS SO ORDERED.

**Dated:     April 21, 2007**                     /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE