Christine M. Reilly (SBN 226388)

**REED SMITH LLP**
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: 310.734.5200
Facsimile: 310.734.5299

Attorneys for DUSA Pharmaceuticals, Inc. and
Queen's University at Kingston

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DUSA PHARMACEUTICALS, INC., a New Jersey corporation; and QUEEN'S UNIVERSITY AT KINGSTON, a Canadian academic organization.,**<br><br>             **Plaintiffs,**<br><br>      v.<br><br>**SKIN DEEP d/b/a SKIN DEEP DERM & LASER, a California company; and BIPIN PATEL, M.D., a California citizen, personally and including his marital estate,**<br><br>             **Defendant.** | CIV-F-05- 01482-AWI-SMS<br><br>**AMENDED CONSENT JUDGMENT** |

## AMENDED CONSENT JUDGMENT

Plaintiffs DUSA Pharmaceuticals, Inc.® ("DUSA") and Queen's University at Kingston ("Queen's University") (collectively "Plaintiffs") and Defendants Skin Deep d/b/a Skin Deep Derm & Laser ("Skin Deep"), and Bipin Patel, M.D. ("Dr. Patel"), personally and including his

1

marital estate, collectively ("Defendants") having agreed to a settlement of the matters at issue between them, hereby agree and consent to judgment as follows.

1.      Plaintiffs' above-captioned complaint is a civil action for patent infringement of United States Patent Nos. 6,710,066 ("the '066 patent") and 5,955,490 ("the '490 patent") under 35 U.S.C. §271(a).

2.      The parties previously entered into a Consent Judgment ("Original Consent Judgment") dated December 15, 2005 and entered by the Court on January 11, 2006. The contents of, and the consent and agreement contained within the Original Consent Judgment, are incorporated by reference herein.

3.      In the Original Consent Judgment, Defendants admitted each of the allegations contained in the above-captioned complaint, specifically those allegations contained in paragraphs 1 through 15. Defendants admitted that they practiced medicine, advertised the practice, unfairly competed with DUSA, and as part of that practice, infringed the '066 patent and the '490 patent.

4.      Pursuant to the Original Consent Judgment, Defendants consented and agreed to be permanently enjoined from infringing the '066 and '490 patents during the lives of those patents, and in furtherance thereof agreed not use aminolevulinic acid containing drug products from a source other than DUSA for treatment of actinic keratosis and/or acne.

5.      Pursuant to the Original Consent Judgment, Defendants consented and agreed to make available for inspection by Plaintiffs Defendants' books and/or other records likely to establish whether Defendants are in compliance with the terms of the Original Consent Judgment. Defendants also consented and agreed that in the event Defendants failed to comply with any or all terms of the Original Consent Judgment, Plaintiffs retained the absolute right to obtain from Defendants awards previously waived, and all fees and costs associated with bringing the above-captioned action and from enforcing compliance with the Original Consent Judgment.

6.      Plaintiffs hired an independent auditor to conduct an inspection of Defendants' books and records on or about October 18, 2006. Plaintiffs assert that the audit reveals that Defendants have failed to comply with the terms of the Original Consent Judgment by continuing to infringe the '066 and '490 patents and using aminolevulinic acid containing drug products from a source

other than DUSA for treatment of actinic keratosis and/or acne.

7.     On or about March 12, 2007, Plaintiffs filed a Motion for Entry of Civil Contempt of the Original Consent Judgment, contending that Defendants continued to infringe the '066 and '490 patents and have used aminolevulinic acid containing drug products from a source other than DUSA for treatment of actinic keratosis and/or acne.

8.     In the interest of resolving this most recent dispute, the parties have consented and agreed to enter into this Amended Consent Judgment based upon the representations and warranties made herein.

9.     Defendants represent and warrant that they do not currently possess any aminolevulinic acid containing drug products from any source whatsoever, including but not limited to DUSA.

10.    Defendants represent and warrant that they understand that they are permanently enjoined from infringing the '490 and '066 patents during the lives of those patents, and in furtherance thereof will not use aminolevulinic acid containing drug products from a source other than DUSA for treatment of actinic keratosis and/or acne.

11.    Defendants consent and agree to be permanently enjoined from infringing the '490 and '066 patents during the lives of those patents, and in furtherance thereof will not use aminolevulinic acid containing drug products from a source other than DUSA for treatment of actinic keratosis and/or acne.

12.    Defendants further consent and agree to make available for inspection by Plaintiffs Defendants' books and/or other records likely to establish whether Defendants are in compliance with the terms of the Consent Judgment as set forth herein and the terms of the Original Consent Judgment. Defendants shall make their books and/or other records available for inspection by Plaintiff on request no more often than once per year on reasonable notice, with the expense of inspection to be borne by Plaintiffs, unless such inspection reveals that Defendants are not in compliance with the consent judgment, in which case the expense will be borne by Defendants. Such inspection shall include appropriate safeguards for patient confidentiality.

13.    Defendants consent and agree that Plaintiffs shall have the absolute right to enforce any and all terms of this Amended Consent Judgment and the terms of the Original Consent

Judgment by and through any means permitted under statutory and/or common law.

14.   Plaintiffs consent and agree to waive the entry of any monetary award in their favor and to forego reimbursement by Defendants for attorney fees and costs, provided that Defendants comply with each of the terms and conditions of this Consent Judgment as set forth herein and the terms of the Original Consent Judgment.

15.   Defendants consent and agree that in the event Defendants fails to comply with any or all terms of this Consent Judgment and/or the Original Consent Judgment, Plaintiffs shall have the absolute right to obtain from Defendants awards previously waived, and all fees and costs associated with bringing the above-captioned action and from enforcing compliance with this Amended Consent Judgment and/or the Original Consent Judgment.

We consent to this Judgment:

| PLAINTIFFS DUSA PHARMACEUTICALS, INC. and QUEEN'S UNIVERSITY AT KINGSTON | DEFENDANT BIPIN PATEL, MD |
|---|---|
| __/s/ Christine M. Reilly_____ | __/s/ Bipin Patel_____ |
| Christine M. Reilly (SBN 226388) | Defendant Bipin Patel, MD |
| **REED SMITH LLP**<br>1901 Avenue of the Stars, Suite 700<br>Los Angeles, CA 90067<br>Telephone: 310.734.5200<br>Facsimile: 310.734.5299 | Dated: July 20, 2007<br><br>DEFENDANT SKIN DEEP d/b/a/ SKIN DEEP DERM & LASER |
| Attorneys for DUSA Pharmaceuticals, Inc. and Queen's University at Kingston | By: ___/s/ Bipin Patel_____ |
| | Name: Dr. Bipin Patel, MD |
| William J. McNichol, Jr.<br>Valerie Brand Pipano<br>Shannon Elise McClure<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street Philadelphia, PA 19103<br>(215) 851-8100 | Title:<br><br>Date: July 20, 2007<br><br>_____ |
| Attorneys for Plaintiffs | |
| Dated: July 20, 2007 | |

**ORDER**

1

2

3  IT IS SO ORDERED.

4  **Dated:     November 14, 2007**                    **/s/ Anthony W. Ishii**
                                              UNITED STATES DISTRICT JUDGE